NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK KISCIRAS, *individually, and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 23-776 (ZNQ)(RLS) <br><br> OPINION |

QURAISHI, District Judge

THIS MATTER comes before the Court upon a Motion to Compel Arbitration and Stay Proceedings ("the Motion") filed by Defendant Experian Information Solutions, Inc., ("Experian"). (ECF No. 4.) Lead Plaintiff Mark Kisciras, individually, and on behalf of all others similarly situated ("Plaintiff"), filed a memorandum of law in opposition of the Motion ("Opp'n Br.", ECF No. 8), and Defendant filed a reply ("Reply Br.", ECF No. 9). Also before the Court is a Motion to Strike filed by Plaintiff. (ECF No. 10.) The Court has carefully considered the parties' submissions and decides the Motions, without oral argument, pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY the Motion WITHOUT PREJUDICE and DISMISS the Motion to Strike as MOOT.

1

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff initiated this action by filing a Complaint ("Compl.") against Experian for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.  (ECF No. 1.) The Complaint alleges the following facts:

Experian is a credit reporting agency ("CRA") that has reported that Plaintiff, as well as other consumers, are obligated on debts in collection supposedly held by Investigative Recovery Services, LLC ("Investigative Recovery").  (Compl. ¶ 2.)  Plaintiff claims that Investigative Recovery is a "fraudulent phishing scam" engaged in claiming individuals owe false debts, threatening the necessity of immediate settlement, and falsely reporting these debts to Experian. (*Id.*)  As a result of the actions of Investigative Recovery, Plaintiff alleges Experian (1) knowingly and recklessly provided consumer information of debts in collection from a fraudulent and illegally operating furnisher, (2) failed to legitimately verify the data provided by this furnisher upon receipt of consumers' disputes, and (3) recklessly failed to maintain reasonable policies and procedures to address fraudulent furnisher activity.  (*Id.* ¶ 4.)

Pursuant to Federal Rule of Civil Procedure 23, Plaintiff commences a class action suit on behalf of himself and all members of the Class on two causes of action.  Count I alleges violations of the Fair Credit Reporting Act 15 U.S.C. § 1681e(b).  (*Id.* ¶¶ 68–77.)  Count II alleges violations of the Fair Credit Reporting Act 15 U.S.C. § 1681i.  (*Id.* ¶¶ 78–85.)

In response to the Complaint, Experian filed the instant Motion to Compel Arbitration. (ECF No. 4.)

## IV.   LEGAL STANDARD

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . .[.]'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)).  Courts are authorized to compel arbitration

"upon being satisfied that the making of the agreement for arbitration or the failure to comply

therewith is not in issue."  9 U.S.C. § 4.  Additionally, under § 3 of the FAA, parties may "apply

to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under

an agreement in writing for such arbitration.'"  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63,

68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid

agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that

agreement."  *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir.

2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)).

## V.    **DISCUSSION**

In determining whether a valid arbitration agreement exists, a court must first decide

whether to use the Rule 12(b)(6) or Rule 56 standard of review.  *See Sanford v. Bracewell &*

*Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015).  The Rule 12(b)(6) standard applies when

arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the

complaint[.]"  *Guidotti v. Legal Helpers Debt Resolution*, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013)

(internal quotation marks omitted).  However,

> [w]here the complaint does not establish with clarity that the parties
> have agreed to arbitrate, or when the party opposing arbitration has
> come forward with reliable evidence that it did not intend to be
> bound by an arbitration agreement, a Rule 12(b)(6) standard is not
> appropriate because the motion cannot be resolved without
> consideration of evidence outside the pleadings, and, if necessary,
> further development of the factual record.

*Noonan v. Comcast Corp*, Civ. No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017)

(citations omitted).  In such circumstances, "the non-movant must be given a limited opportunity

to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, Civ. No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). Afterwards, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

The existence of an arbitration agreement is not referenced in the Complaint but is raised for the first time in Defendant's motion. (*see generally* Compl., Moving Br.) Given that the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion. *See id*. at 774. As the Third Circuit instructed in *Guidotti*, in this type of scenario, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Id*. (emphasis added); *see, e.g., Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Torres v. Rushmore Service Center, LLC*, Civ. No. 18-9236, 2019 WL 5669175, at *2 (D.N.J. Oct. 31, 2018) (same); *Hughes v. Kolaras*, Civ. No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (denying a motion to dismiss without prejudice in part because arbitrability was not apparent on the face of the complaint). Thus, this Court will deny Defendant's motion without prejudice, and order the parties to conduct limited discovery on the issue of arbitrability within 45 days. Afterwards, Defendant may file a renewed motion to compel arbitration, which this Court will review under a Rule 56 standard.[1]

---

[1] Because the Court has not considered any additional information outside the pleadings, it will also deny Plaintiff's Motion to Strike as moot.

**V.**      **CONCLUSION**

For the reasons stated above, the Court will DENY Defendant's Motion to Compel

Arbitration WITHOUT PREJUDICE.   Plaintiff's Motion to Strike will also be DENIED as

MOOT.   An appropriate Order will follow.


**Date: August 3, 2023**

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
